IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JERRY M. GILBERT, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:14-CV-0018-O-BK |
| | § | |
| JUDGE MARK PRICE, | § | |
|     Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Order of Reference*, Doc. 6, the undersigned now considers Defendant Judge Mark Price's *Amended Motion to Dismiss Plaintiff Gilbert's Complaint for Lack of Jurisdiction and for Failure to State a Claim*, Doc. 10. For the reasons that follow, it is recommended that the motion be **GRANTED IN PART** and this case be dismissed for lack of subject-matter jurisdiction.

### I.   BACKGROUND

In his *pro se* complaint, filed February 26, 2014, Plaintiff complains at length about Judge Price's actions in a civil suit involving an insurance dispute that was ultimately decided against him. Doc. 3. Specifically, Plaintiff alleges, *inter alia*, that (1) he was discriminated against during the proceedings because he was unable to retain an attorney who had made a contribution to Judge Price's campaign for election, Doc. 3 at 1; (2) Judge Price overstepped his authority by compelling arbitration and denying Plaintiff's 7th Amendment right jury trial, Doc. 3 at 6; and (3) Judge Price allowed him only five minutes to present his argument in court and generally treated him with disrespect. Doc. 3 at 5. Plaintiff contends that, as a result, he suffered severe emotional distress and a massive stroke. Doc. 3 at 5. He seeks monetary damages, a new trial before a different judge, and censure of Judge Price. Doc. 3 at 7

1

In his motion to dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6), Judge Price asserts that because Plaintiff's suit is based on his official actions, he has judicial immunity and sovereign immunity from suit.  Doc. 10 at 2-3.  Judge Price pleads in the alternative that this suit is barred by the *Rooker-Feldman* doctrine.  Doc. 10 at 3.  Plaintiff has wholly failed to address the application of the *Rooker-Feldman* doctrine in his response.  Because the Court agrees that *Rooker-Feldman* bars this action, Judge Price's remaining arguments are not reached.

## II.  APPLICABLE LAW

Under the *Rooker-Feldman* doctrine[1], "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates his federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  "[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citation omitted).  Errors in state cases should be reviewed and settled through the state appellate process.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'"  *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691).  Moreover, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

---

[1] This doctrine takes its name from two Supreme Court decisions: *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

### III.  DISCUSSION

Though raised by Defendant as an alternative argument, the *Rooker-Feldman* doctrine concerns the Court's subject-matter jurisdiction and, thus, it must be considered first. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999); *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits").

In this case, Plaintiff's claims all stem from Judge Price's actions in the earlier state court proceeding. While cast as civil rights and constitutional claims, Plaintiffs' federal claims are nothing more than an impermissible collateral attack on Judge Price's rulings in Plaintiff's state court lawsuits. *See Jordaan*, 275 F. Supp. 2d at 788–89 (when federal action "is nothing more than a thinly veiled attempt to circumvent the state appellate process and to collaterally attack — in the guise of a federal civil rights action — the validity of a state court [judgment] and other related orders," lower federal courts lack subject matter jurisdiction over such action). Accordingly, this Court lacks subject-matter jurisdiction to review Plaintiffs' federal claims under the *Rooker-Feldman* doctrine.

### IV.  CONCLUSION

For the foregoing reasons, it is recommended that Defendant Judge Mark Price's *Amended Motion to Dismiss Plaintiff Gilbert's Complaint for Lack of Jurisdiction and for Failure to State a Claim*, Doc. 10, be **GRANTED IN PART**, and this case be dismissed for lack of subject-matter jurisdiction.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE